a The following rules of court have been adopted since the publication of the rules of court in 2 Harr. Rep. 161.
RULE 42. At the instance of the bar it is directed that objections to road and ditch returns be made in writing, and supported by affidavit, where the objections to the return rest upon facts not appearing from the record. (Pall Sessions, 1841.)
No. 43. In all cases of taking special bail, by the prothonotary, in vacation, reasonable notice of justification shall be given to the opposite party, or his attorney. (Fall Sessions, 1842.)
No. 44. In all actions ex contractu pending in this court, judgment for the plaintiff shall, on motion, be entered at the second term, unless there be an allegation, supported by regular affidavit, that there is a legal defence to the action. Such affidavit shall be filed during the term, unless the court do, on motion, enlarge the time. (Spring Sessions, 1845.)
No. 45. Notice of holding inquisitions on land, or of sale, shall be served personally on the defendant, if residing in the county. If he does not reside in the county, notice shall be served on the tenant, or if there be no tenant, shall be left at the mansion house, or other notorious place on the premises. (Pall Sessions, 1845.)
No. 46. It is ordered by the court, that in every action of ejectment, the defendant shall specify, by general description in the consent rule, for what premises he intends to defend; and shall consent in such rule to confess upon the trial, as well as lease entry and ouster, that the defendant (if he defends as tenant, or in case he defends as landlord, that his tenant) was, at the time of the service of the declaration in possession of such premises. (Spring Sessions, 1847.)
No. 47. It is ordered by the court, that in future, applicants for admission to the bar, subject to examination, shall be privately and fully examined by a committee of three members of the bar, to be appointed by the court; and shall be admitted only on the written report of the examining committee, or a majority of them, stating the qualifications of the applicant, and recommending his admission. (Spring Sessions, 1847.)
FI. FA., attachment. Sheriff returns "laid in the hands of Eli B. Talley, January 15, 1847, at 12 o'clock (noon,) and summoned him as garnishee."
Motion to dissolve the attachment on an agreed statement of facts. The real estate of Matilda Babb was valued in the Orphans' Court under the intestate laws, and assigned to Eli B. Talley, who entered into recognizance to pay to the parties entitled their respective shares of the valuation money. Sarah Ann Elliott, wife of John Elliott, the defendant, was one of the heirs at law of Matilda Babb, and entitled *Page 467 
to $70, as her share of said recognizance. Mrs. Elliott was yet living.
Mr. Whitely moved to dissolve the attachment, and had a rule to show cause.
Whitely. — The indebtedness of Talley arises on a recognizance in the Orphans' Court to pay to the heirs at law of Matilda Babb, of whom Mrs. Elliott is one, their several shares of the valuation of her real estate. Elliott alone, without joining his wife, could not bring any suit on this recognizance to recover the sum due his wife. It is, therefore, not the subject of an attachment.
If the garnishee was compelled to answer and the husband should die after judgment and before execution, he would have to pay it to the wife, and also to the attaching creditor.
The principle is very important; being nothing less than to subject the wife's real estate converted into personalty, by proceedings in the Orphans' Court, to which she is no party, to attachment process by the husband's creditors.
An assignment by act of the husband is equivalent to a reduction to possession; but an attachment is the act of a third person, and does not reduce the wife's property into possession. In England, the husband is not allowed to reduce this kind of property into his possession without making a provision for the wife.
Gilpin, contra. — The question is no longer an open one in Delaware, whether a wife's chose in action can be attached for the debt of the husband. There is no difference in this respect between this and any other chose in action. (1 Harr. Rep. 442.)
The proceedings and recognizance taken in the Orphans' Court changed the character of this property. It was no longer real estate, but personal; subject to all the law relating to the personal property of the wife. It is the wife's chose in action; like any other money debt due the wife. The husband has the right to discharge it, or collect it, even against the consent of the wife.
The object of the attachment law is to place the attaching creditor in the place of the husband as to this matter, and the attachment binds all his right from the moment of the process laid in the garnishee's hands. Whatever may be the effect of a death between the attachment and answer, or between the answer and judgment, it is enough to say that the attachment secures to the creditor all the rights of the husband.
 The Court discharged the rule.